IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| KIYAHNA THOMAS-EL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:23-CV-746 |
| DAVID BLATZ, P.A. and MEDIQ URGENT CARE, P.C., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

Kiyahna Thomas-El, asserts several claims against the defendants, David Blatz, P.A., and MEDIQ Urgent Care, P.C., apparently arising out of her interactions with health care providers treating her child. The matter is before the Court on various motions filed by each side. Because Ms. Thomas-El has not alleged any plausible claim for relief, the defendants' motion to dismiss will be granted. Ms. Thomas-El's motions for entry of default and to strike are without merit and will be denied.

### I. Procedural History

Ms. Thomas-El filed suit in Guilford County Superior Court asserting several claims against the defendants. Doc. 4. The defendants removed to this Court, based on Ms. Thomas-El's apparent assertion of claims under the Americans with Disabilities Act and 42 U.S.C. § 1983. Doc. 1. After the defendants filed a motion to dismiss, Doc. 7, Ms. Thomas-El filed an amended complaint. Doc. 11. She also filed a "Motion to Strike

Minor Children's Names from Complaint," Doc. 12, which was later granted. Text Order 04/18/2024.

The defendants again moved to dismiss. Doc. 15. Ms. Thomas-El then moved for entry of default, Doc. 18, which the Clerk denied in light of the filing of the motion to dismiss. Doc. 21. Ms. Thomas-El seeks reconsideration of that order, Doc. 23, and also seeks to strike parts of the defendants' reply brief in support of the motion to dismiss. Doc. 29. Ms. Thomas-El has also filed a paper writing entitled "Notice of Conflict of Interest." Doc. 25.

## II. Plaintiff's Motion for Reconsideration for Entry of Default

Entry of default is appropriate only when a party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, the defendants have "otherwise defended" by the filing of a motion to dismiss. Doc. 15. Entry of default, as the Clerk found, is not appropriate under those circumstances.

Ms. Thomas-El cites several rules in support of her motion for reconsideration. *See* Doc. 24 at 1–2 (citing LR 7.3(k) and Fed. R. Civ. P. 5, 5(b)(2)(C), 5(d)(1)). But none of those rules have anything to do with entry of default, which is governed by Rule 55(a), and she does not clearly explain why she thinks she is entitled to entry of default.

The Clerk was correct in refusing to enter default against the defendants. The motion for reconsideration will be denied.

## III. Defendants' Motion to Dismiss

Ms. Thomas-El alleges that she took her autistic, non-verbal child to MEDIQ Urgent Care for treatment of a minor injury to his leg. Doc. 11 at 1–2. Her son was

2

treated by David Blatz, a physician assistant. *Id.* at 2–4. Within a couple of hours after returning home, a representative of Child Protective Services for the Guilford County Department of Health and Human Services came to Ms. Thomas-El's home. *Id.* at 4, 8. He told Ms. Thomas-El that a medical provider made a report about potential child endangerment of her son. *Id.* at 4–5. Ms. Thomas-El alleges that the resulting investigation included interviewing her other child, harassment, and threats by representatives of CPS. *Id.* at 6–7.

Liberally construed, Ms. Thomas-El asserts four causes of action: a discrimination claim under the Americans with Disabilities Act, *id.* at 11–12; constitutional claims under 42 U.S.C. § 1983 based on alleged violations of her First and Fourth Amendment rights, *id.* at 12–13; medical negligence, *id.* at 13–14; and infliction of emotional distress. *Id.* at 15. The defendants move to dismiss the complaint, contending that Ms. Thomas-El has not stated any claim on which relief may be granted. Doc. 15.

### A. Claims on Behalf of Plaintiff's Son

After the defendants moved to dismiss the original complaint, Ms. Thomas-El filed a "motion to strike minor children's names from complaint," and said that she "decided to proceed with the suit as the only plaintiff." Doc. 12. On the same day, Ms. Thomas-El filed her amended complaint. Doc. 11.

The amended complaint could be read to assert claims on behalf of Ms. Thomas-El's minor son. *See id.* But she has explicitly disclaimed asserting any such claims, Doc. 12, and in her brief in opposition to the motion to dismiss, she makes only one argument that suggests she is asserting a claim on behalf of her minor son, specifically for medical

3

negligence. Doc. 20 at 9–10. Out of an abundance of caution, the Court will treat the amended complaint as asserting a medical negligence claim on behalf of both Ms. Thomas-El and her son. Otherwise, the Court will take her at her word and consider her claims of infliction of emotional distress, violation of the ADA, and constitutional violations as raised only as to herself. *See* Doc. 12.

### B. Medical Negligence

Ms. Thomas-El alleges that the defendants breached the standard of care when they did not adequately communicate with her before reporting potential child abuse or neglect to CPS. Doc. 11 at 14. The defendants point out that they have a statutory duty to make such reports and that they have immunity from suit for such reports when made in good faith. Doc. 16 at 5–8.

By statute, "[a]ny person or institution who has cause to suspect that any juvenile is abused, neglected, or dependent" has a duty to report such suspicions to the appropriate department of social services, N.C. Gen. Stat. § 7B-301(a), and the knowing or wanton failure to make such a report is a misdemeanor. *Id.* § 7B-301(b). One who makes such a report is immune from civil or criminal liability if he or she made a "good-faith report of child abuse or neglect," and in any civil or criminal proceeding, "good faith is presumed." *Id.* § 7B-309.[1] A showing of actual malice is required to overcome this immunity. *Dobson v. Harris*, 352 N.C. 77, 86, 530 S.E.2d 829, 837 (2000).

---

[1] Additional reporting duties are imposed on medical professionals when the professional concludes in their "professional judgment" that a child was seriously injured as "the result of non-accidental trauma." N.C. Gen. Stat § 90-21.20(c1). This statute also provides immunity from civil and criminal liability for making a report "in good faith." *Id.* § 90-21.20(d).

4

The facts alleged, read as whole and in the light most favorable to Ms. Thomas-El, do not plausibly allege malice and are insufficient to overcome the statutory immunity. She alleges that she told Mr. Blatz that she did not see how or when her child was injured, and she does not dispute Mr. Blatz's medical judgment that the injury resulted from a burn. Doc. 11 at 3. She acknowledges that she told Mr. Blatz that her child is non-verbal and autistic and that the only possible source of a burn was a hot clothing iron she used daily. *Id.* While she alleges that Mr. Blatz accused her of not watching her son, *id.*, that does not show malice. Anyone might draw the inference from Ms. Thomas-El's statements that the child had not been supervised if he was burned by a hot iron outside the presence of an adult. Ms. Thomas-El alleges that Mr. Blatz misremembered her explanation to him about how her son might have been injured, and she characterizes his report to CPS about her statements as "false," but she does not identify any allegedly false statement beyond Mr. Blatz's assertion that she had not provided sufficient explanation of how her son was injured. *See id.* at 8.

These allegations and the conclusory assertion that Mr. Blatz did not act in good faith, Doc. 20 at 10, are insufficient to make a plausible claim of malice. Indeed, Ms. Thomas-El specifically labels her claim as one based in "negligence" and repeatedly references the defendants' "standard of care." Doc. 11 at 14. The medical negligence claim is barred by the immunity provisions in N.C. Gen. Stat. § 7B-309.

In the alternative, the complaint fails to state a plausible claim for medical negligence. The complaint contains no factual allegations tending to show that the way the defendants communicated with her and provided medical care for her son did not

5

comply with the standard of care or were negligent.  Her conclusory assertions and her own opinions are not enough to state a claim.  While a plaintiff does not have to prove her case in her complaint, *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012), she does have to allege sufficient facts to make a claim plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  She has not done so here.[2]

Because it is not entirely clear that Ms. Thomas-El intended to assert this claim on behalf of her son, dismissal of any such claim will be without prejudice.  But she clearly asserts the claim on her on behalf for her own injuries, and that claim will be dismissed with prejudice.

### C. Infliction of Emotional Distress

Ms. Thomas-El's emotional distress claim is also grounded in the fallout from the defendants' report to CPS.  Doc 11 at 15.  This claim is also barred by the immunity provisions in N.C. Gen. Stat. § 7B-309.

### D. Americans with Disabilities Act

Ms. Thomas-El claims the defendants failed to accommodate her son's disability in that Mr. Blatz was not adequately knowledgeable about the "symptoms and associated behaviors" of autism in a child and he did not communicate with her, as her son's "medically necessary companion," about those symptoms and behaviors before making the CPS report.  Doc. 11 at 12.  This, she contends, violates the "ADA Title III." *Id.*

---

[2] The defendants contend that compliance with N.C. Gen. Stat. § 1A-1, Rule 9(j) is required, but the Court need not resolve that issue, since the complaint does not pass muster under the Federal Rules of Civil Procedure.  *See generally Alston v. Locklear*, No. 19-CV-96, 2022 WL 1137229, at *7 (M.D.N.C. Apr. 18, 2022).

To state a claim under Title III, a plaintiff "must allege (1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *accord J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669–670 (4th Cir. 2019).[3]

Here, Ms. Thomas-El has not alleged that she herself is disabled, so her claim fails on that basis. While she is displeased with the quality and extent of the communications with Mr. Blatz, the ADA is not a law that requires good communication skills; it is a statute that prohibits discrimination.[4] She does not contend that she or her son were denied medical care as a result of this bad communication.

In opposition to the motion to dismiss, Ms. Thomas-El makes only passing mention of the disability claim, saying that she alleges in the amended complaint "[d]iscrimination based on a [d]isability by a public commercial entity (and its employee

---

[3] Beyond referring to "Title III" of the ADA, Ms. Thomas-El is not clear on which statutory provision she contends the defendants violated. While she purports to quote provisions of the Act, she does not tell the Court where within the statute those provisions are. As best the Court can tell, she is referring to 42 U.S.C. § 12182(b)(2)(A)(ii), which defines discrimination as including a failure to make reasonable modifications in policies that are necessary to make services available to an individual with disabilities. While the phrase "effective communication" by the use of a "companion" does appear in the ADA regulations, *see, e.g.*, 28 C.F.R. § 36.303(c), there is no allegation here that the defendants prevented her from being in the room while her son was treated for his leg injury. Nor has Ms. Thomas-El pointed to any law supporting the proposition that this regulatory provision gives the "companion" a cause of action.

[4] Even if the Court read this claim as being asserted on behalf of her disabled son, it would still be dismissed. She does not allege that her son was denied the "services defendants provide," *see Camarillo*, 518 F.3d at 156, here, medical care, based on his disability.

7

Blatz), which is prohibited pursuant to the Americans with Disabilities Act." Doc. 19 at p. 2 ¶ 1. She points to nothing in the amended complaint that supports that conclusory assertion, nor does she respond to the defendants' arguments. The claim based on an alleged violation of Title III of the ADA is not plausible and will be dismissed.

### E. Section 1983 Claims

To succeed on a § 1983 claim, Ms. Thomas-El must show three things: " (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Herman v. Lackey*, 309 F. App'x 778, 782 (4th Cir. 2009) (cleaned up) (quoting *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* (cleaned up) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). When actions alleged in a § 1983 claim were taken by a private actor, the question is "whether there is sufficiently a close nexus between" the challenged action and the State so that the private conduct "may be fairly treated as that of the State itself." *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 115 (4th Cir. 2022) (cleaned up) (quoting *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001).

Here, Ms. Thomas-El's allegations indicate that the defendants are private medical care providers, not state employees. She alleges no facts tending to suggest that either defendant was an agent of the state or acting on the state's behalf. She does allege that Mr. Blatz, acting as an employee of defendant MEDIQ Urgent Care, "entered into an agreement" with CPS by making a report that "contributed to violations [of her] civil

rights." Doc. 11 at 12–13. But that allegation is too vague to support a plausible inference that either defendant is a state actor or otherwise acted under color of state law. The § 1983 claims will be dismissed.

IV.     **Plaintiff's Motion to Strike**

Ms. Thomas-El moves to strike parts of the defendants' reply brief in support of their motion to dismiss. Doc. 29. She contends that the arguments made by the defendants are incorrect and she objects to the way defendants characterize an exhibit she offered in opposition to the motion to dismiss. Doc. 29 at ¶ 1. This motion is nothing more than a sur-reply in disguise. Sur-reply briefs are not authorized under this Court's local rules. Disagreements with the arguments of another litigant are not a basis for a motion to strike. The motion to strike will be denied.

V.      **Plaintiff's "Notice of Conflict of Interest"**

In this paper writing, Ms. Thomas-El says that defense counsel has "a [possible] Conflict of Interest" because counsel also represents Guilford County in certain bond matters, Doc. 25 at 1 (brackets in original), and she "may" call unidentified witnesses who work for Guilford County. *Id.* at ¶ 4. She may also be saying that certain witnesses have conflicts of interest, though her reasons for these assertions are mysterious. *See id.* at ¶¶ 3, 5. Ms. Thomas-El explicitly says that the Notice "is for informational purposes only," *id.* at ¶ 6, and nowhere in the paper writing does she seek any action by the Court.

The Rules of Civil Procedure do not authorize the filing of notices for informational purposes only. They authorize pleadings and motions. The Local Rules authorize the filing of briefs in certain situations. Filing paper writings that do not seek

9

court action and that are not authorized by statute or rule, results in confusion on the docket and serves no purpose. This paper writing requires no action by the Court, and none will be taken.

It is **ORDERED** that:

1. The defendants' motion to dismiss amended complaint, Doc. 15, is **GRANTED**.

2. Ms. Thomas-El's motion to reconsider the denial of entry of default, Doc. 23, is **DENIED**.

3. Ms. Thomas-El's motion to strike defendants' reply brief, Doc. 29, is **DENIED**.

4. Judgment will be entered separately.

This the 15th day of May, 2025.

_____
UNITED STATES DISTRICT JUDGE